## M'DERMOT *against* BUTLER.

### ATTACHMENT.

There must be an order of the court, to authorize the issuing an attachment against a party for not obeying an award of arbitrators, which had been made a rule of court.

---

In May term, 1827, a rule of this court was taken on behalf of Butler and entered in the minutes directing a writ of attachment for the non-performance of an award, to issue against M'Dermot, returnable to September term; at that term the writ of attachment was quashed for irregularity. No application was afterwards made to the court, but a new writ was issued, tested as of February term, 1828, returnable to May term, 1828. No prosecutor's name was endorsed on the writ. The Attorney General was named as attorney, but without pretence that he was in any way concerned.

*Green*, on behalf of M'Dermot, moved to quash the writ of attachment. First. Because it had been issued without any order of this court. The statute (*Rev. Laws* 159, *Sec.* 1,) allowing this proceeding, expressly directs that it should be on motion. This court allowed the party to issue a writ returnable to the September term, 1827. That writ was quashed. The order or motion ought to have been renewed. If the party intended to follow this matter up, he ought to have applied to the court, and given the opposite party notice of his application. The court would perhaps have refused his application. The party complained of, might have tendered the release, which it was the object of the applicant to obtain. In analogous cases, this court has directed that the rule must be renewed from term to term. 2 *Halst.* 170.

The second objection was, that the name of the prosecutor was not endorsed on the writ, nor even the name of his attorney. This he considered essential to enable the party to obtain his costs. The proceeding was a novel one, and the party ought to be held to strict practice. It was so determined in the case of attachment for not obeying a *subpœna*. 1 *South.* 140. This proceeding is now considered in the nature of a civil proceeding. *Willes Rep.* 292; 1 *Term, Rep.* 266; 1 *Black. Rep.* 638; 1 *Bac. Abr.* 285. It is so recognized by the act authorizing the proceeding; it is to be "on the motion of the party." *Rev. Laws* 159. This court has determined in the case of *certiorari*, that if the name of the person suing out the writ is not stated, the writ will be quashed. 2 *Halst.* 84.

*Scudder*, contra.

*Hamilton*, replied.

CH. JUSTICE. It is a clear principle, that to justify the issuing of an attachment, an order of the court must be made. Was there then any order authorizing this writ?

By recurring to the minutes, we find an order directing a writ to issue, returnable to September term, 1827. The writ before us is returnable, not to September term, 1827, but to May term, 1828, and is not therefore within the terms of the orders.

Why the application was made for a writ, returnable at a specified time, when it might as well have been for an attachment generally, without designating any term, we know not, but so the party thought fit to ask for, and enter the order. Suppose no writ had been issued until May term, 1828, the writ then returned would not have been authorized by the rule. The case is not altered, because a writ was returned to September term, and was then quashed. The argument from the decision, in 2 *Halst.* 170, is very strong to shew that the rule taken in May term was not sufficient to authorize the issuing of this writ.

Writ quashed.